Frank M. McKey, Trustee, Appellee, v. Francis Cropper Company, Appellant.

Gen. No. 21,871.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. A. D. WEBB, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 18, 1917.

### Statement of the Case.

Action by Frank M. McKey, trustee in bankruptcy of the estate of Aamax Cabinet Company, plaintiff, against Francis Cropper Company, defendant, to recover damages for breach of contract for the manufacture of 5,000 cabinets for defendant. From a judgment for plaintiff for $400, defendant appeals.

BRYAN, McCORMICK & WILBER, for appellant; WILLIAM E. BRYAN, of counsel.

PAUL HUXMANN and VOSE & PAGE, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 340*—*when question whether boxes manufactured are in accordance with contract is for jury.* The question whether certain boxes manufactured under a contract with the defendant were in accordance with the terms of the contract, *held* to be one for the jury, who had opportunity to examine the sample referred to in the contract and the one offered in evidence, in an action to recover damages for breach of the contract by defendant's refusal to accept the boxes.

2. SALES, § 340*—*what are questions for jury in action for damages for refusal to accept goods.* The question whether defendant by its actions had prevented the completion of certain boxes man-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ufactured for it by plaintiff at the time stipulated in their contract, and, if not, whether it had waived such provision of the contract, *held* to be for the jury, in an action to recover damages for breach of the contract by defendant's refusal to accept any of the boxes.

3. SALES, § 341*—*when evidence is sufficient to sustain finding in favor of plaintiff in action for refusal to accept goods.* A finding for plaintiff, in an action to recover damages for breach of contract by defendant's refusal to accept certain boxes manufactured for defendant, under the contract, upon the question whether defendant had prevented completion of the boxes at the time stipulated in the contract, and, if not, whether defendant had waived such provision, *held* not manifestly against the weight of the evidence.

4. SALES, § 344*—*when evidence is sufficient to sustain verdict for damages for refusal to accept goods.* Evidence *held* sufficient to sustain a verdict of $400 damages, in an action to recover damages for defendant's breach of contract by refusing to accept certain boxes manufactured for it under the contract, plaintiff having substantially completed a certain quantity of the boxes for which it would have been entitled under the contract to $550, and certain other boxes being in various stages of manufacture.